UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LEMEUNIER | CIVIL ACTION |
|---|---|
| VERSUS | NO. 12-169 |
| TERRELL ET AL. | SECTION "J" (2) |

**O R D E R**

Before the Court is Petitioner Lukas LeMeunier's objection (Rec. Doc. 19) to the Report and Recommendation of the United States Magistrate Judge (Rec. Doc. 18). The Court adopts the Report and Recommendation of the Magistrate Judge for the reasons set forth more fully below.

In his objection, Perez argues that this Court should not adopt the Magistrate Judge's Report and Recommendation because (1) the Magistrate Judge incorrectly assumed there was sufficient evidence in the record to support Petitioner's conviction; (2) the Magistrate Judge incorrectly found that Petitioner had procedurally defaulted on his claim that evidence of other crimes was used to prejudice the jury and obtain a conviction; and (3) the Magistrate Judge was mistaken in his determination that Petitioner did not suffer any prejudice in relation to his ineffective assistance of counsel claims. These objections encompass Petitioner's fourth, fifth, sixth, and seventh claims, as designated in the Magistrate Judge's opinion and Petitioner's objection. Accordingly, Petitioner does not object to the Magistrate Judge's findings as to his first,

second, and third claims. Thus, the Court adopts the Magistrate Judge's Report and Recommendation as to Petitioner's first, second, and third claims.

Moving on to Petitioner's objection, the Magistrate Judge properly found that there was sufficient evidence in the record to support Petitioner's conviction. Under Jackson v. Virginia, 433 U.S. 307 (1979), on habeas review, a federal court must determine whether or not a rational trier of fact could have found that the elements of the crime were proven beyond a reasonable doubt. Id. at 318-19. This review is limited to the evidence that was presented at trial, and it does not include a review of the weight of the evidence or the credibility of witnesses. McDaniel v. Brown, 558 U.S. 120 (2010); United States v. Young, 107 Fed. Appx. 442, 443 (5th Cir. 2004). The Magistrate Judge correctly concluded that the bulk of Petitioner's argument went to the weight of the evidence and the credibility of the witnesses and, therefore, was unreviewable. Moreover, the Magistrate Judge properly determined that there was sufficient evidence and testimony in the record to support a rational trier of fact's determination that Petitioner was guilty of aggravated burglary.

Furthermore, the Magistrate Judge properly found that petitioner's fifth claim was procedurally barred from being heard in a federal habeas proceeding. A federal court will not review a question of federal law decided by a state court as long as the

2

state court's decision rests on adequate and independent state law grounds that are separate from the merits of the federal claim. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997). The Magistrate Judge correctly found that Petitioner's fifth claim, that the trial court erred in admitting evidence of prescription drugs found in his car, was procedurally barred because Petitioner had failed to contemporaneously object to its introduction. Under Louisiana law, failure to contemporaneously object bars a defendant from raising that objection on appeal. La. Code Crim. P. art. 841(A) (providing that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence."). The United States Supreme Court has found that "[i]t is well settled that this contemporaneous objection rule is an independent and adequate state procedural ground which bars federal habeas corpus review." Wainright v. Sykes, 433 U.S. 72, 97-88 (1977). Thus, the Magistrate's ruling is correct.

Lastly, the Magistrate Judge properly found that Petitioner does not have a cognizable ineffective assistance of counsel claim under the standard set forth in Strickland v. Washington, 466 U.S. 668, 697 (1984). In particular, the record demonstrates that (1) any potential errors on the part of counsel were immaterial to a determination of guilt or innocence on the aggravated burglary charges, (2) that counsel sufficiently presented the defense

3

espoused by Petitioner through vigorous cross examination, and (3) that Petitioner (in his petition and objection) has not presented the Court with evidence of how he was prejudiced by his other ineffective assistance claims.

The Court, having considered the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the Petitioner's objection, approves the Report and Recommendation, **OVERRULES** Petitioner's objection, and adopts the Report and Recommendation as the Court's opinion in this matter. Accordingly,

**IT IS ORDERED** that the petition of Lukas LeMeunier for issuance of a writ of habeas corpus under Title 28 U.S.C. § 2254 is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 26th day of November, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT COURT